FILED
2025 Jun-20  PM 12:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TYANTHONY FURTEZ WARD,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )  **Case No. 2:23-cv-8008-AMM** |
| | )  **(2:20-cr-367-AMM-SGC-4)** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is petitioner Tyanthony Furtez Ward's amended Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. Doc. 14; Doc. 15.[1] In a previous memorandum opinion and order, Doc. 19, the court denied Mr. Ward's Motion to Vacate, Set Aside, or Correct Sentence on the single ground articulated in his initial motion, Doc. 1, and reserved ruling on the additional ground set forth in his amended Motion to Vacate, Set Aside, or Correct Sentence, Doc. 14. The government agrees that Mr. Ward's amended motion should be granted on the surviving ground. *See* Docs. 27, 29. Mr. Ward's amended motion is thus **GRANTED** for the reasons explained below.

---

[1] Citations to documents in the court's record in these Section 2255 proceedings appear as "Doc. __." Citations to documents in the court's record in the criminal proceedings against Mr. Ward, Case No. 20-cr-367-AMM-SGC-4, appear as "Crim. Doc. __."

## I.    BACKGROUND

On November 17, 2020, the Grand Jury indicted Mr. Ward on five counts: one count of conspiracy to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1) and four counts of the unlawful use of a communication facility to facilitate the commission of a drug trafficking crime in violation of 21 U.S.C. § 843(b). Crim. Doc. 1.

Mr. Ward ultimately reached a plea agreement with the government and admitted to participating in a drug trafficking operation. Doc. 48 at 3. The agreement stated, "The United States and the defendant stipulate that the amount of mixture and substance containing methamphetamine attributable to the defendant for his participation in the conspiracy charged in Count One is one pound." *Id.* at 7. The government agreed to recommend "a term of imprisonment within the advisory guideline range, which will be determined at the sentencing hearing." *Id.* at 8. Consistent with the plea agreement, the Presentence Investigation Report ("PSR") attributed one-pound of methamphetamine to Mr. Ward for purposes of its analysis. *See* Crim. Doc. 132 at 20–21.

The court sentenced Mr. Ward to a prison term of 120 months for violation of 21 U.S.C. §§ 841 and 846 and forty-eight months for the remaining counts, with the sentences running concurrently. Doc. 133 at 1–2; Doc. 148 at 37. The 120-month sentence is the statutory minimum sentence for violation of 21 U.S.C. §

841(b)(1)(A), which applies when a methamphetamine mixture exceeds five hundred grams.

Mr. Ward's initial motion under 28 U.S.C. § 2255 was based on a single ground of ineffective assistance of counsel relating to his satisfaction of the tell-all provision of the safety valve statute. Doc. 1. Mr. Ward subsequently filed a Motion for Leave to Add One Ground to the § 2255 Motion, Doc. 14, which the court granted, Doc. 15. Mr. Ward asked to add an additional ineffective assistance of counsel claim based on his attorney's failure to identify an alleged discrepancy in the amount of methamphetamine attributable to Mr. Ward. Doc. 14 at 2. Specifically, Mr. Ward claims that although the amount of methamphetamine stipulated in his plea agreement is one pound (or 453.592 grams), he was indicted and convicted of possessing five hundred or more grams of methamphetamine mixture. *Id.*

The arguments were fully briefed. Docs. 16, 17, 18. On December 18, 2024, the court issued a memorandum opinion and order denying Mr. Ward's motion on the first ground (qualification for the safety valve) and reserving ruling on the second ground (the correct drug quantity attributable to him for sentencing). Doc. 19. The court appointed counsel for Mr. Ward, *id.*, and ordered additional briefing on the surviving ground, Doc. 24.

In its response, the government acknowledged "that the Defendant's remaining claim is likely meritorious." Doc. 27 at 1. The government noted, "At

sentencing, although there was extensive argument regarding the Defendant's eligibility for the safety valve, this particular issue regarding the apparent inconsistency in the plea agreement was not identified or raised by either party." *Id.* at 3. The government stated that "there have not been sufficient stipulated facts adduced to subject the Defendant to the mandatory minimum penalties under [21 U.S.C. § 841](b)(1)(A)." *Id.* "The stipulated attribution amount in the plea agreement instead gives rise to the penalties at [21 U.S.C. § 841](a)(1) and (b)(1)(B), which range from 5 years to 40 years." *Id.*

The parties submitted a joint report, which "advised that [Mr. Ward] wishes to be re-sentenced in accordance with the newly calculated Guidelines in light of the stipulated drug amount and does not wish to withdraw his guilty plea." Doc. 29 at 1. The parties ask the court to "grant in part the Defendant's Motion to Amend/Correct as to the [surviving] ground." *Id.* "The parties further request that the [c]ourt remedy this matter by setting the case for re-sentencing in accordance with a new Guidelines range in light of the stipulation in the plea agreement." *Id.* at 2.

## II. LEGAL STANDARD

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). To show ineffective assistance of counsel, a petitioner must demonstrate

that: (1) his counsel's performance was deficient such that the performance "fell below an objective standard of reasonableness"; and (2) he suffered prejudice as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). When a petitioner satisfies both prongs of the *Strickland* inquiry, relief should be granted. *Id.* at 687.

## III. ANALYSIS

The government acknowledges that Mr. Ward's surviving ground likely satisfies both *Strickland* prongs and is "likely meritorious." Doc. 27 at 1, 3–4. The court agrees. The parties request that Mr. Ward be resentenced. Doc. 29.

## IV. CONCLUSION

For the foregoing reasons, Mr. Ward's amended Motion to Vacate, Set Aside, or Correct Sentence, Docs. 14–15, is **GRANTED**. Mr. Ward's sentence is hereby **VACATED**, and the Clerk of Court is **DIRECTED** to enter this order in *United States v. Ward*, Case No. 20-cr-367-AMM-SGC-4. The court will set a new sentencing hearing for Mr. Ward by separate order in his criminal case. This action is **DISMISSED**.

**DONE** and **ORDERED** this 20th day of June, 2025.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE